IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARBARA AND RICHARD ARNOLD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 3:09cv0163 |
| ) | |
| THE METROPOLITAN GOVERNMENT OF ) | Judge Thomas A. Wiseman, Jr. |
| NASHVILLE AND DAVIDSON COUNTY, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs Barbara and Richard Arnold filed suit in state court against Defendants Metropolitan Government of Nashville and Davidson County ("Metro") and Mark Smith, both individually and in his official capacity as an employee of Metro. Metro and Mr. Smith (collectively "Defendants") allegedly forced Plaintiffs to spend $1,000 in order to cure a violation of the Metro Code § 16.24.340, when in fact Plaintiffs were not in violation of the Code. Plaintiffs seek recovery under 42 U.S.C. § 1983 for the violation of their Fifth Amendment Due Process rights, Fourteenth Amendment Equal Protection rights, and Fourth Amendment right to be free from unreasonable seizures of property. Plaintiffs also seek to recover against Metro under the Tennessee Governmental Tort Liability Act ("TGTLA") and against Mr. Smith through the common-law tort of intentional misrepresentation. Defendants successfully removed the suit to the United States District Court for the Middle District of Tennessee. Now before the Court is Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Doc. No. 7).

For the reasons set forth in the accompanying Memorandum Opinion, the Court finds that Plaintiffs have failed to allege facts that plausibly support their Equal Protection claim against Mr. Smith or their Procedural Due Process claim against Metro, under the standard established by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Those claims are therefore **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Equal Protection claim against Metro and their Due Process claim against Mr. Smith, as well as their Substantive Due Process and Unreasonable Seizure claims against both Defendants, are unsalvageable, however, and are hereby **DISMISSED WITH PREJUDICE**. Finally, pursuant to the discretion provided by 28 U.S.C. § 1367(c), this Court declines to exercise jurisdiction over Plaintiffs' state-law claims. The state-law claims are therefore **DISMISSED WITHOUT PREJUDICE**.

Judgment is hereby entered in favor of Defendants Metropolitan Government of Nashville and Davidson County and Mark Smith.

It is so **ORDERED**.

This is a final appealable judgment for purposes of Fed. R. Civ. P. 58.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge

An appropriate Order will enter.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge